ROBERT WATTS,

        Plaintiff,

v.

                                        Case No. 04-70177

RAYTHEON MARTIN,                     Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

The Plaintiff, Robert Watts, contends that his basic fundamental constitutional rights were violated by the Defendant, Raytheon Martin, who, while acting as a law enforcement officer for the City of Detroit, Michigan, subjected him to acts of excessive force during an arrest and investigatory stop. On August 12, 2008, Martin filed a document ("Defendant Raytheon Martin's Motions in Limine") which contains seven separate issues that will be addressed by the Court seriatim.

### I.

In this first motion in limine, Martin asks the Court to exclude any reference to his personnel file or history "because such information would be irrelevant and unfairly prejudicial pursuant to [Fed. R. Evid.] 401-403." In support of this request for relief, Martin states the following:

> Originally, Plaintiff filed a §1983 Monell claim alleging the city of Detroit had a custom, policy, and practice of excessive force and a claim that the city had failed

to adequately train Defendant officers. But this court dismissed those claims against the City in a Summary Judgment Order dated July 25, 2005. Therefore, Officer Martin's work and disciplinary history is not relevant to the only remaining issues of whether Officer Martin engaged in excessive force while arresting Plaintiff and whether he intentionally caused Plaintiff to suffer emotional distress by arresting Plaintiff.

On the basis of the argument within this motion, the Court does not agree that there exists a nexus - as inferred by Martin - between the order of July 25, 2005 which granted a summary judgment in favor of the former Defendant, City of Detroit, and Watts' claims against him. Furthermore, Martin has failed to make any effort in his brief to explain why the admission of his personnel file or history would be "irrelevant and unfairly prejudicial" pursuant to Fed. R. Evid. 401,[1] 402,[2] or 403.[3] Therefore, this motion is denied.

## II.

In this second motion in limine, Martin requests the Court to "exclude any reference to the City of Detroit's customs, policies, and practices" because of his belief that this information would be "irrelevant and unfairly prejudicial" pursuant to Fed. R. Evid. 401, 402, and 403. Once again, Martin relies upon the summary judgment order of July 25, 2005 to argue that "the City of Detroit Police Department's practices are not relevant to . . . [the issue of] whether Officer Martin engaged

[1]Fed. R. Evid. 401 states the following: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[2]Fed. R. Evid. 402 states: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

[3]Fed. R. Evid. 403 reads: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

in excessive force while arresting [the] Plaintiff . . . ."

Martin does not explain – other than by alluding to the order of July 25, 2005 – why reference to the City of Detroit's customs, policies, and practices would be "irrelevant and unfairly prejudicial" under the Federal Rules of Evidence. The Court believes that such evidence could arguably bear directly on the issue of whether Martin used excessive force against Watts by, for example, failing to follow the City of Detroit's protocol relating to an arrest. Hence, Martin's motion must be, and is, denied.

III.

In this third motion in limine, Martin asks the Court to exclude any reference to false arrest, false imprisonment, or malicious prosecution allegations "because [Watts] failed to make such claims in his Complaint and, therefore, it is irrelevant and unfairly prejudicial pursuant to [Fed. R. Evid.] 401-403." He contends that "[i]n the Final Pretrial Order, [Watts] listed contested issues such as whether probable cause existed to arrest Plaintiff for resisting arrest." However, inasmuch as the amended Final Pretrial Order, which was filed on October 7, 2008 does not list "whether probable cause existed to arrest Plaintiff for resisting arrest," the Court concludes that this is no longer a contested issue in this case and must be considered to be irrelevant and inadmissible. [4] Therefore, Martin's third motion in limine must be denied without prejudice. Court therefore

---

[4]The amended Joint Final Pretrial Order lists three "issues of fact to be litigated" (to wit, "1. When arresting Plaintiff, whether Officer Martin used excessive force?; 2. Whether Officer Martin intended to physically injure Plaintiff.; 3. Whether Officer Martin caused Plaintiff to suffer from post-traumatic stress syndrome.") and four "issues of law to be litigated (to wit, "1. Whether Officer Martin is protected by qualified governmental immunity?; 2. Whether Officer Martin used only the amount of force reasonably necessary to effectuate an arrest.; 3. Whether Officer Martin's conduct was extreme and outrageous?; and 4. Was Officer Martin's conduct a reckless disregard of whether [*sic*] Plaintiff would suffer injury.").

3

denies this motion without prejudice.

IV.

In this fourth motion in limine, Martin argues, *inter alia*, that while "the transcripts [from

Watts' criminal trial in the 36th District Court in the State of Michigan] may be used for purposes

of impeachment," they should not otherwise be allowed into evidence as they are not relevant to

the charges in this case – "whether Officer Martin engaged in excessive force while arresting

[Watts] and whether he intentionally caused [Watts] to suffer emotional distress . . . ." The Court

agrees.[5]  The Court grants this motion because it believes that the criminal hearings, examination

or trial transcripts and any reference to criminal judicial findings are not relevant to the case before

this Court.  Fed. R. Evid. 402.

V.

In this fifth motion in limine, Martin asks the Court to preclude Watts from introducing

evidence that pertains to the public safety situation in the City of Highland Park, Michigan at the

time of his arrest.  Specifically, it is his request that the Court:

> exclude the testimony of Plaintiff's witness John Mattox, a former City of Highland
> Park public safety official, photographs of Highland Park neighborhoods, affidavits
> and letters characterizing the public safety situation, and any reference to the City
> of Highland Park Police Department or the [p]ublic [s]afety situation in the City of
> Highland Park . . . .

It is Martin's contention that "the Highland Park information must be excluded pursuant to

[Fed. R. Evid.] 401-403 because it is irrelevant and [may] lead[] to [the] jury confusing the issues."

The Court agrees that information regarding the public safety status of Highland Park is irrelevant

to the issues being litigated in this case.  Fed. R. Evid. 402.  The Court therefore must, and does,

---

[5]Watts has not filed any response to Martin's motions in limine as of this date.

4

grant Martin's motion.

VI.

In this sixth motion in limine, Martin contends that the photographs of Watts' "facial abrasions which he received when resisting arrest" . . . "only show [his] blood-covered face and obscure the abrasions, therefore, making the injuries look much worse than they are." Accordingly, Martin argues that these photographs should be excluded pursuant to Fed. R. Evid. 403 because "they will mislead the jury and unfairly prejudice Officer Martin."

The Court concludes that Martin has not shown in this two-sentence long motion that the probative value of the photographs is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Therefore the Court must, and does, deny his motion.

VII.

This seventh motion in limine consists of three separate requests by Martin; namely, (1) the exclusion of any reference to a psychiatric report by Albert Bayer, M.D. ("Bayer"), (2) the exclusion of a report from psychologist Paris Finner-Williams whose conclusions are based upon the psychiatric records of Albert Bayer, and (3) the exclusion of Finner-Williams' testimony because she used the Bayer report in forming her medical conclusions.

With regard to his first request, Martin argues that Bayer's report must be excluded because he "never had an opportunity to subject Dr. Bayer to cross examination regarding his expertise, methodology, or findings."[6] Martin cites Fed. R. Civ. P. 26(b)(4)(A) for the proposition that he has

---

[6]Martin states that Watts originally intended to use the report of Albert Bayer, a psychiatrist, to support his claim of psychiatric damages. "However, during the course of litigation, Dr. Bayer lost his license to practice medicine . . ." and, following an adjournment of the trial, Watts retained

the right to "depose any person who has been identified as an expert whose opinions may be presented at trial."

As Martin did not have the opportunity to depose Dr. Bayer because of the lapse of his medical license and the decision by Watts to obtain a different psychiatric expert, the Court believes that Martin's request for relief pursuant to Fed. R. Civ. P. 26(b)(4)(A) has merit. The Court thus grants Martin's request to exclude any reference to the Bayer psychiatric report during the trial.

Martin's second request is for the exclusion of Finner-Williams' report because he believes that she relied upon the Bayer report in forming her medical conclusions. In support of this assertion, Martin asserts that Finner-Williams makes reference to Bayer on pages 4 and 14 of her report. The Court, following its review of her report, does not believe that this request by Martin has any merit. On page 4 of her report, Finner-Williams merely notes that Bayer's report was only one of a number of records that she reviewed. Moreover, she conducted her own independent review over two days and spent over five hours in a personal evaluation of Watts. Finally, there is no specific mention of Bayer on page 14 of the Finner-Williams' report, except inferentially to note that she "reviewed litigation information and prior psychological test findings and psychiatric evaluation" as part of her extensive examination. For all of these reasons, the Court rejects this request, finding that Finner-Williams' report is facially admissible.

Finally, Martin argues that, because Watts did not disclose Finner-Williams' report to his

---

another expert, Paris Finner-Williams, to examine him and testify on his behalf.

counsel until May 28, 2008, the report must be excluded pursuant to Fed. R. Civ. P. 26(a)(2)(C)(I).[7]

However, following a motion to adjourn the trial by Martin, this cause was rescheduled to November 18, 2008. Hence, Watts' disclosure of the Finner-Williams report was - contrary to Martin's contention - timely. Thus, the Court denies Martin's request on this issue.

For the reasons stated above, Martin's motion in limine is granted in part and denied in part.

IT IS SO ORDERED.

Dated: <u>November 10, 2008</u>             <u>s/Julian Abele Cook, Jr.</u>
        Detroit, Michigan                JULIAN ABELE COOK, JR.
                                         United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 10, 2008.

<u>s/ Kay Alford</u>
Case Manager

---

[7]This rule states, in pertinent part, "A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial . . . ."